**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DOUGLAS HILL,

       Plaintiff,

v.                             Case No. 13-11713

UNITED STATES OF AMERICA,

       Defendant.

_____/

**OPINION AND ORDER
GRANTING DEFENDANT'S PARTIAL MOTION FOR SUMMARY JUDGMENT**

On April 16, 2013, Plaintiff Douglas Hill sued Defendant United States of America

for automobile negligence under the Federal Tort Claims Act (FTCA) alleging injuries to

his brain, neck, shoulder, and back.  Defendant moved for partial summary judgment.

As part of his response, Plaintiff seeks sanctions pursuant to Federal Rule of Civil

Procedure 11.[1]  The matter is fully briefed, and no hearing is needed.  *See* E.D. Mich.

LR 7.1(f)(2).  For the reasons that follow, Defendant's motion will be granted.

**I.  BACKGROUND**

On December 20, 2010 at approximately 5:30 am, United States Customs and

Border Protection agent James Taylor was driving eastbound on Jefferson Avenue in

Detroit, Michigan when he "disregarded the red signal and struck" Plaintiff, who was

driving northbound on Conner Street at approximately 25 miles per hour.  (Dkt # 7, Pg.

---

[1]Plaintiff's response purports to be both a response and a motion for sanctions.
However, Plaintiff has not filed a separate motion for sanctions as Rule 11 requires.
Fed. R. Civ. P. 11(c)(2).  In any event, Plaintiff has also failed to establish any basis for
sanctions.  Therefore, the court will construe this filing as a response only.  Plaintiff is
directed to file any motions separately from other filings in this court in the future.

ID 25; Dkt. # 22-7, Pg. ID 194; Dkt. # 24, Pg. ID 219.)  Plaintiff's air bag did not deploy and after the collision, Plaintiff did not lose consciousness, notice any bleeding, or feel any broken bones.  (Dkt. # 24, Pg. ID 219.)  Plaintiff proceeded to his place of employment.  (*Id.*)  In January 2011, after consulting a lawyer, Plaintiff first sought medical attention.  (*Id.* at Pg. ID 220.)  On January 23, 2014, Dr. John F. O'Leary, a neuropsychologist, performed an independent medical examination (IME) and concluded that Plaintiff's "cognitive test results were not consistent with any type of known cognitive impairment, other than intentionally feigned memory impairment."  (Dkt. # 22-4, Pg. ID 165.)  An orthopedic surgeon, Dr. William Higginbotham, III, also performed an IME in late January and determined that "nothing in [Plaintiff's] clinical examination or his medical records, including MRIs of his cervical and lumbar spine, suggested any disabling orthopedic condition in Mr. Hill's neck and lower back."  (Dkt. # 22-5, Pg. ID 169.)  Plaintiff stopped working in May 2011 claiming total disability.  (*Id.*)

Defendant timely submitted a Standard From 95 (SF95), the form used for administrative claims under the Federal Tort Claims Act ("FTCA"), to the United States Customs and Border Protection (CBP).  In his SF95 Plaintiff alleges, *inter alia*, that the accident resulted in a traumatic brain injury as well as injuries to his neck, left shoulder, and lower back and he demanded $500,000.00.  (Dkt. # 24-2, Pg. ID 242.)  Plaintiff attached various medical records to his SF95.  On, February 12, 2013, the CBP denied Plaintiff's SF95.  As the FTCA requires, Plaintiff filed the present suit within six months of the denial.

During discovery, when asked to produce records upon which he would rely to support his claims, Plaintiff refused to provide any and instead referenced the records

attached to his SF95.  For example, in its "Request for Production of Documents and Things," Defendant sought "each and every document, exhibit, item of tangible evidence, photograph, or visual aid on which you will rely to support . . . your claims in this action," to which Plaintiff responded:  "Please see medical records, employment records, Social Security Records."  (Dkt. # 22-6, Pg. ID 171.)  Plaintiff responded similarly to Defendants' interrogatories.  For instance, when asked to "Please describe by category and location—or else provide a copy—of all documents, electronically stored information, and tangible things that you have in your possession, custody, or control that you may use to support your claims in this lawsuit," Plaintiff responded: "Please see the medical records and police report.  Plaintiff has already provided the signed authorizations for the medical records."  (Dkt. # 22-7, Pg. ID 182.)  Plaintiff never responded to Defendant's request to admit that he had, through discovery, provided all medical records on which he would rely.  (Dkt. # 25-4, Pg. ID 480–81; Dkt. # 24, Pg. ID 224.)

Defendant now moves for partial summary judgment as to Plaintiff's claims that the accident caused injury to his brain, neck, and back.[2]

## II.  STANDARD

Summary judgment is proper only when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  "In deciding a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party, drawing all reasonable

---

[2]Defendant's motion is partial because it does not seek summary judgment regarding Plaintiff's claim of a shoulder injury.

3

inferences in that party's favor." *Sagan v. United States*, 342 F.3d 403, 497 (6th Cir. 2003).

The moving party has the initial burden of showing the absence of a genuine dispute as to a material fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party, who must put forth enough evidence to show that there exists "a genuine issue for trial."  *Horton v. Potter*, 369 F.3d 906, 909 (6th Cir. 2004) (citing *Matsushita v. Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).  Summary judgment, therefore, is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986).

The existence of a factual dispute alone does not, however, defeat a properly supported motion for summary judgment.  Instead, the disputed factual issue must be material.  A fact is "material" for purposes of summary judgment when proof of that fact would establish or refute an essential element of the claim or a defense advanced by either party.  *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984) (citation omitted).

### III.  DISCUSSION

Under the FTCA, the United States can be held liable

> for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).  Thus, as the parties suggest, because the alleged act or omission occurred in Michigan, the court applies Michigan law.           Michigan's no-fault insurance act, Mich. Comp. Laws 500.3101 *et seq.*, created a compulsory

motor vehicle insurance program under which insureds recover directly from their
insurers for qualifying economic losses arising from motor vehicle accidents.  The act
also severely curtailed tort liability by only allowing tort liability for non-economic losses
where "the injured person has suffered death, serious impairment of body function, or
permanent serious disfigurement."  Mich. Comp. Laws 500.3135(1).  The statute
imposes three prongs that are necessary to establish a serious impairment of bodily
function:

>   (1) an objectively manifested impairment
>
>   (2) of an important body function that
>
>   (3) affects the person's general ability to lead his or her normal life.

*McCormick v. Carrier*, 795 N.W.2d 517, 526 (Mich. 2010); *see also* Mich. Comp. Laws
§ 500.3135(5).

>   The court should determine whether there is a factual dispute regarding the
>   nature and extent of the person's injuries, and, if so, whether the dispute is
>   material to determining whether the serious impairment of body function
>   threshold is met.  If there is no factual dispute, or no material factual dispute,
>   then whether the threshold is met is a question of law for the court.

*McCormick*, 795 N.W.2d at 537.

Within the meaning of § 500.3135(5), an "'[o]bjectively manifested' [impairment]
is an impairment that is evidenced by actual symptoms or conditions that someone
other than the injured person would observe or perceive as impairing a body function."
*McCormick*, at 527.  Medical documentation is not always required to establish an
objectively manifested impairment.  *Id.* at 528.  However, a plaintiff must "introduce
evidence establishing that there is a physical basis for [his] subjective complaints of
pain and suffering" and this generally requires medical testimony.  *Id.* (citation omitted).

Defendant argues that Plaintiff has not met his burden under the first prong of the *McCormick* test because he has not established an *objectively* manifested impairment; instead, he has only presented evidence regarding his *subjective* pain through his deposition testimony.  Defendant explains that, "[r]epeated requests were put to [Plaintiff] in discovery to substantiate his claims, through requests for production, interrogatories, and requests for admission.  None resulted in any meaningful response, much less evidence to show how any of his supposed injuries were objectively manifested."  (Dkt. # 22, Pg. ID 107 (citations omitted).)  Plaintiff admits that he responded to Defendants discovery requests with "see medical records" or an equivalent reference.  He explains that he provided the CBP with medical records as part of his administrative claim and that "rather than provide a second copy of medical records or other materials already known to be in the possession of the government's attorney, [he] simply referenced such materials in response to interrogatories or requests to produce."  (Dkt. # 24, Pg. ID 228.)

The Federal Rules of Civil Procedure govern discovery in civil actions.  Under Rule 34, in response to a request to produce, a party must either provide the requested items (or allow inspection of them) or, alternatively, object to the request.  Fed. R. Civ. P. 34.  With respect to interrogatories, Rule 33(b)(3) states that "each interrogatory must, to the extent it is not objected to, be answered separately and *fully* in writing under oath."  Fed. R. Civ. P. 33(b)(3) (emphasis added).  Regarding requests for admissions, as stated earlier, Plaintiff acknowledged that his failure to respond renders them admitted in accordance with Rule 36.  *See* Fed. R. Civ. P. 36.  Plaintiff did not provide the items Defendant sought in its request to produce and he did not respond

"fully" to Defendant's interrogatories.  Plaintiff has not complied with his discovery obligations.  As Defendant puts it, "Plaintiff seems to treat signing a medical release and complying with the FTCA's administrative requirements as a free pass to skip civil discovery."[3]  (Dkt. # 25, Pg. ID 447.)

Plaintiff also emphasizes that he signed medical releases at Defendant's request, and Defendant could thereby obtain his medical records.  Yet this does not change the fact that Plaintiff did not adequately respond to Defendant's interrogatories or requests to produce.  And, because he did not respond to Defendant's request to admit that he "provided to Defendant all medical records on which he will rely to support his claims as part of his initial disclosures and during the course of discovery through December 13, 2013," he admitted as much.  After failing to comply with discovery, he cannot now, in his response to Defendant's motion for summary judgment, cite portions of the medical records attached to his SF95.  Plaintiff cannot meet his burden of establishing "an objectively manifested impairment" because he has presented no evidence to support such a claim.

---

[3]The fact that the CBP had Plaintiff's medical records because they were attached to his SF85 is of little relevance.  As Plaintiff's well knows, the Defendant in his suit is the United States of America, not the CBP.  Moreover, Plaintiff's reliance on *Bluestein v. Cent. Wis. Anesthesiology, S.C.*, 296 F.R.D. 597 (W.D. Wis. 2013), for the proposition that he may not rely on documents other than those in possession of one's opponent actually serves to bolster Defendant's position.  According to *Bluestein*, a party is bound by what he produced in discovery.  Because Plaintiff did not produce his SF85 during civil discovery, he cannot rely on the medical records attached to his administrative claim in this action.

**IV.  CONCLUSION**

For the reasons stated above, IT IS ORDERED that Defendant's motion for

partial summary judgment (Dkt. # 22) is GRANTED.

                                       s/Robert H. Cleland_____
                                       ROBERT H. CLELAND
                                       UNITED STATES DISTRICT JUDGE

Dated:  June 18, 2014


I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, June 18, 2014, by electronic and/or ordinary mail.

                                       s/Lisa Wagner_____
                                       Case Manager and Deputy Clerk
                                       (313) 234-5522