UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS HILL,

    Plaintiff,

v.                                              Case No. 13-11713

UNITED STATES OF AMERICA,

    Defendant.
                                                 /

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

On April 16, 2013, Plaintiff Douglas Hill sued Defendant United States of America for automobile negligence under the Federal Tort Claims Act (FTCA) alleging injuries to his brain, neck, shoulder, and back. Thereafter, on June 18, 2014, the court granted Defendant's motion for partial summary judgment which sought summary judgment with respect to Plaintiff's brain, neck, and back injuries. Plaintiff now moves for reconsideration of that order. For the reasons that follow, Plaintiff's motion will be denied.

**I. BACKGROUND**

The complete background is fully set forth in the court's order granting Defendant's motion for partial summary judgment and will not be repeated here. In short, on December 20, 2010, United States Customs and Border Protection (CBP) agent James Taylor was driving eastbound on Jefferson Avenue in Detroit, Michigan when he "disregarded the red signal and struck" Plaintiff, who was driving northbound on Conner Street. (Dkt # 7, Pg. ID 25; Dkt. # 22-7, Pg. ID 194; Dkt. # 24, Pg. ID 219.) In January 2011, Plaintiff first sought medical attention. (Dkt. # 24. at Pg. ID 220.) On

January 23, 2014, Dr. John F. O'Leary, a neuropsychologist, performed an independent medical examination (IME) and concluded that Plaintiff's "cognitive test results were not consistent with any type of known cognitive impairment, other than intentionally feigned memory impairment."  (Dkt. # 22-4, Pg. ID 165.)  An orthopedic surgeon, Dr. William Higginbotham, III, also performed an IME in late January and determined that "nothing in [Plaintiff's] clinical examination or his medical records, including MRIs of his cervical and lumbar spine, suggested any disabling orthopedic condition in Mr. Hill's neck and lower back."  (Dkt. # 22-5, Pg. ID 169.)  Plaintiff stopped working in May 2011 claiming total disability.  (*Id.*)

Plaintiff submitted a Standard From 95 (SF95), the form used for administrative claims under the Federal Tort Claims Act ("FTCA"), to the CBP, in which he alleged that the accident resulted in a traumatic brain injury as well as injuries to his neck, left shoulder, and lower back.  (Dkt. # 24-2, Pg. ID 242.)  Plaintiff attached various medical records to his SF95.  After the CBP denied his claim, Plaintiff filed the present suit.

During discovery, when asked to produce records upon which he would rely to support his claims, Plaintiff refused to provide any and instead referenced the records attached to his SF95.  For example, in its "Request for Production of Documents and Things," Defendant sought "each and every document, exhibit, item of tangible evidence, photograph, or visual aid on which you will rely to support . . . your claims in this action," to which Plaintiff responded:  "Please see medical records, employment records, Social Security Records."  (Dkt. # 22-6, Pg. ID 171.)  Plaintiff responded similarly to Defendants' interrogatories.  For instance, when asked to "Please describe by category and location—or else provide a copy—of all documents, electronically

2

stored information, and tangible things that you have in your possession, custody, or control that you may use to support your claims in this lawsuit," Plaintiff responded: "Please see the medical records and police report. Plaintiff has already provided the signed authorizations for the medical records." (Dkt. # 22-7, Pg. ID 182.) Plaintiff never responded to Defendant's request to admit that he had, through discovery, provided all medical records on which he would rely. (Dkt. # 25-4, Pg. ID 480–81; Dkt. # 24, Pg. ID 224.)

## II. STANDARD

A motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties . . . have been misled," and (2) "show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). "A 'palpable defect' is a defect that is obvious, clear, unmistakable, manifest, or plain." *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004).

## III. DISCUSSION

Plaintiff makes five arguments in his motion for reconsideration. Each lacks merit.

Plaintiff first argues that the court "erred in adopting the *ex parte* opinions of Defendant's IME experts, while ignoring Plaintiff's evidence." (Dkt. # 29, Pg. ID 523.) As detailed in the court's order, Plaintiff did not comply with his discovery obligations: he did not provide the items Defendant sought in its request to produce, he did not "fully" respond to Defendant's interrogatories, and he did not respond to Defendant's requests for admissions. As the court explained:

> [a]fter failing to comply with discovery, [Plaintiff] cannot now, in his response to Defendant's motion for summary judgment, cite portions of the medical records attached to his SF95. Plaintiff cannot meet his burden of establishing "an objectively manifested impairment" because he has presented no evidence to support such a claim.

(Dkt. # 28, Pg. ID 519.) Contrary to Plaintiff's protestations, the court did not make any credibility determinations, but rather, simply determined that the evidence produced created no *genuine* issue for trial. See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The court credited Defendant's medical reports because those reports constitute the only medical evidence that were properly before the court.

Plaintiff next argues that the court erred because Defendant "accepted Plaintiff's [discovery] responses and waived the right to challenge them by failing to file a timely motion to compel." (Dkt. # 29, Pg. ID 528.) This is a novel argument. However, "a motion for reconsideration is not an appropriate vehicle for raising new facts or arguments." *United States v. A.F.F.*, 144 F. Supp. 2d 809, 811 (citing *Salopek v. Comm'r of Internal Revenue*, No. 99-9012, 2000 WL 350263, at *2 (10th Cir. Apr.5, 2000)). Motions under Local Rule 7.1(h) "are aimed at *re* consideration, not initial consideration." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (quoting *FDIC v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir.1992)).[1]

---

[1] Moreover, even if Plaintiff had raised this argument in its response, it would not have been successful. Plaintiff is attempting to shift his burden to Defendant. Federal Rule of Civil Procedure 26(e)(1)(A) states that a party who has responded to an interrogatory, request for production, or request for admission, must supplement or correct a response "in a timely manner if the party learns that in some material respect the . . . response is incomplete or incorrect." Violation of Rule 26 gives rise to the application of Rule 37(c)(1), which provides that "[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), . . . is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed." Fed. R. Civ. P. 37(c)(1).

4

Defendant's third argument—that the court erred by not considering the documentation attached to his SF95—is a variation of his first argument. Plaintiff emphasizes, as he did in his response, that Defendant possessed a copy of the medical records attached to his SF95 and therefore he did not need to produce another copy during discovery. Actually, he did. Plaintiff's repeated reliance on *Bluestein v. Cent. Wis. Anesthesiology, S.C.*, 296 F.R.D. 597 (W.D. Wis. 2013), and *Stovall v. U.S.*, 85 Fed. Cl. 810 (Fed. Cl. 2009), is misplaced because he misreads each opinion. The *Bluestein* court explained that a party is bound by what he produces in discovery:

> In Request 21 of its 26 requests for production of documents, defendant asked plaintiff to produce "[a]ll documents that support [her] claim that the Rehabilitation Act of 1973 applies to the parties to this case." Although plaintiff objected to this request as overly broad, she later referred defendant to the documents she had produced in response to requests 1 and 2 (asking for medical records, treating physician information and prescription medication information). Defendant argues that this response is inadequate but does not identify any additional documents plaintiff should have produced. Plaintiff has directed defendant to documents that she believes are responsive to its request. She need not produce additional copies of these documents. *However, plaintiff is now bound by her response. She may not rely on any documents other than those she has already turned over to defendant to prove her Rehabilitation Act of 1973 claim either at summary judgment or at trial.*

*Id.* at 602 (citations omitted) (emphasis added). Thus, in *Bluestein*, the plaintiff referred to documents that he had already provided *during civil discovery*. In contrast, here, during discovery, Plaintiff referred to documents that he never produced during discovery. *Bluestein* unequivocally states that a Plaintiff "cannot use any unproduced documents to prove or defend her case at summary judgment or trial." *Id.* Similarly, in *Stovall* the court stated that it, "declines to order the production of certain documents that appear to be exact duplicates of documents *that will otherwise be produced*." *Stovall*, 85 Fed. Cl. at 818 n.11 (emphasis added). Unlike in *Stovall*, Plaintiff did not

5

"otherwise. . . [produce]" the medical documents attached to his SF95 during civil discovery. Because Plaintiff did not produce his SF95 during civil discovery, he cannot rely on the medical records attached to his administrative claim form in this action.[2]

Plaintiff's fourth argument—that the court erred "in declaring that evidentiary materials in the possession of the [C]BP are not equally in the possession of Defendant United States of America" (Dkt. # 29, Pg. ID 532)—fares no better than his first three. Plaintiff need not convince this court that the CBP is part of the United States Government. In its earlier opinion, the court merely observed in a footnote that "[a]s Plaintiff well knows, the Defendant in his suit is the United States of America, not the CBP." (Dkt. # 28, Pg. ID 519.) The court was simply underscoring its point that the documents Plaintiff attached to his SF95 were provided to the CBP as part of his administrative claim, and he is now proceeding in a civil lawsuit with the United States of America named as Defendant.

Finally, Plaintiff argues that the court erred in "completely ignoring [his] medical evidence." (Dkt. # 19, Pg. ID 534.) This fifth argument is another version of Plaintiff's first and third arguments and will not be discussed yet again.

Because Plaintiff has not identified any defect in the court's analysis which would lead to an outcome in his favor, his motion for reconsideration will be denied.

---

[2]The court also notes that because Plaintiff did not respond to Defendant's request to admit that he "provided to Defendant all medical records on which he will rely to support his claims as part of his initial disclosures and during the course of discovery through December 13, 2013," he admitted as much.

6

## IV. CONCLUSION

For the reasons stated above, IT IS ORDERED that Plaintiff's motion for reconsideration (Dkt. # 29) is DENIED.

       s/Robert H. Cleland
       ROBERT H. CLELAND
       UNITED STATES DISTRICT JUDGE

Dated: July 2, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 2, 2014, by electronic and/or ordinary mail.

       s/Lisa Wagner
       Case Manager and Deputy Clerk
       (313) 234-5522